**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DIVISION OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **ANTONIO ARMSTRONG JR.,** | )( | **Civil Action No. 4:23-cv-3003** |
| | )( | **(Jury Trial)** |
| ***Plaintiff,*** | )( | |
| | )( | |
| **V.** | )( | |
| | )( | |
| **CITY OF HOUSTON, TEXAS,** | )( | |
| | )( | |
| ***Defendant.*** | )( | |

**SUPPLEMENT TO:**

**PLAINTIFF'S ORIGINAL COMPLAINT**

**TO THE HONORABLE ANDREW S. HANEN:**

**NOW COMES** Plaintiff ANTONIO ARMSTRONG JR. and supplements his complaint as follows:

**SUPPLEMENTAL FACTS**

15A. The expert for the prosecution, Celestina Rossi, together with Houston police officers at the Houston Property Room, or elsewhere, handled the Armstrong evidence that had Armstrong's deceased Father blood/DNA on it (also blood had flaked off and was loose in the evidence container) and then handled Armstrong's T-Shirt which had no blood/DNA of Armstrong's father on it thereby transferring the incriminating blood/DNA onto the T-Shirt. Rossi then falsely testified in Armstrong's third trial that one of the particles of blood/DNA that Rossi and/or the

Houston police knowingly transferred onto the T-Shirt was deposited the night of the murder implicating Armstrong. This new planted blood/DNA evidence was the only new evidence introduced at the third trial and instead of getting an 8-4 NOT GUILTY as in the second trial the Jury came back guilty.

15B. The blood/DNA was not transferred accidentally but on purpose. As further proof Rossi had a previous Texas Forensic Science Commission complaint[1] lodged against her by Roberts Collins PhD that Rossi had attempted to plant evidence before or at least had used extremely suspect forensic DNA investigation methods. See **Exhibit 1,** Collins resume. In the complaint it is alleged that Rossi caused a previously fully processed/clean murder suspect's car and also the seat covers from the murder victim's, car (known to have the victim's DNA on it), to be brought together many years after the alleged murder. See **Exhibit 2,** for example pages 3-7. At a bare minimum this complaint puts Rossi on notice that handling materials with victim's DNA evidence on it and handling the clean, processed materials (such as Armstrong's T-Shirt) is improper and can transfer DNA evidence.

15C. Neither Rossi nor the prosecution informed the criminal defense lawyers for Armstrong of the TFSC complaint as required under *Brady v. Maryland,* 373 U.S. 83 (1963). Such "Brady evidence" includes impeachment evidence. *Harm v. The State,* 183, S.W. 3rd 403, 406 (Tex. Crim. App. 2006).

[1] Undersigned counsel Kallinen received the TFSC complaint on August 17, 2023.

Respectfully Submitted,

/s/ *Randall L. Kallinen*
Randall L. Kallinen
KALLINEN LAW PLLC
State Bar of Texas No. 00790995
So Dist. of Texas Bar No.: 19417
511 Broadway Street
Houston, Texas 77012
Telephone: 713/320-3785
FAX: 713/893-6737
E-mail: AttorneyKallinen@aol.com

Alexander C. Johnson
KALLINEN LAW PLLC
State Bar of Texas No. 24123583
U.S. So. Dist. of Texas Bar No. 3679181
511 Broadway Street
Houston, Texas 77012
Telephone: 573/340-3316
FAX: 713/893-6737
Email: alex@acj.legal

ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

I certify I have served a true and correct copy of the foregoing to all ECF notice counsel on this 18th day of August 2023 by filing with the ECF System.

/s/ *Randall L. Kallinen*
Randall L. Kallinen