**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **ANTONIO ARMSTRONG, JR.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. 4:23-CV-03003** |
| | § | |
| **CITY OF HOUSTON, TEXAS,** | § | |
| | § | |
| **Defendant.** | § | |

# DEFENDANT CITY OF HOUSTON'S RULE 12(B)(6) MOTION TO DISMISS

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant City of Houston ("Defendant" or "City") files this Motion to Dismiss the Plaintiff's original complaint (Doc. 1) and supplement thereto (Doc. 3) for failure to state a claim upon which relief may be granted, pursuant to Rule 12(b)(6), Fed. R. Civ. P., and respectfully shows the following:

# TABLE OF CONTENTS

TABLE OF CONTENTS ........ ii
TABLE OF AUTHORITIES ........ iii
NATURE AND STAGE OF THE PROCEEDING ........ 1
ISSUES PRESENTED ........ 1
SUMMARY OF THE ARGUMENT ........ 2
STANDARD OF REVIEW ........ 2
MOTION FOR JUDICIAL NOTICE ........ 4
ARGUMENT AND AUTHORITIES ........ 5
I. Plaintiff's claims are barred by *Heck v. Humphrey*. ........ 5
II. The City's Governmental immunity bars any common law malicious prosecution claim. ........ 7
III. Plaintiff fails to plausibly allege the City's involvement in a constitutional violation. ........ 7
IV. Plaintiff fails to plausibly allege any constitutional violation to support a claim for relief pursuant to 42 U.S.C. § 1983. ........ 9
A. Any Fourth Amendment claim is barred by the statute of limitations. ........ 9
B. The Fourth Amendment does not apply. ........ 10
C. Plaintiff fails to plausibly allege any Fourth Amendment violation. ........ 11
D. No Fourteenth Amendment violation. ........ 14
E. Plaintiff has not asserted any Fifth Amendment violation. ........ 15
V. Failure to intervene is neither available against the City nor adequately pled. ........ 16
VI. Plaintiff fails to allege facts to support a *Monell* claim against the City. ........ 17
A. Plaintiffs' allegations are deficient to infer a persistent, widespread practice of planting evidence. ........ 17
B. Plaintiff relies on isolated and dissimilar instances spanning over 45 years. ........ 18
VII. Punitive Damages are not available against the City. ........ 20
CONCLUSION AND PRAYER ........ 20
CERTIFICATE OF SERVICE ........ 22
CERTIFICATE OF CONFERENCE ........ 22

## TABLE OF AUTHORITIES

**Cases**

*Alexander v. Walker*, 435 S.W.3d 789, 791 (Tex. 2014) ....................7

*Armstrong v. City of Shreveport*, 532 F. Supp. 3d 341, 352 n.5 (W.D. La. 2021) ....................14

*Arnold v. Town of Slaughter*, 100 F. App'x 321 (5th Cir. 2004) (per curiam) ....................5

*Ashcroft v. Iqbal*, 556 U.S. at 678 (2009) ....................3

*Austin v. City of Pasadena*, 74 F.4th 312, 319 (5th Cir. 2023) ....................16

*Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007) ....................3

*Bosarge v. Miss. Bureau of Narcotics*, 796 F.3d 435 (5th Cir. 2015) ....................14

*Brady v. Maryland,* 373 U.S. 83 (1963) ....................15

*Briscoe v. LaHue*, 460 U.S. 325, 345 (1983) ....................18

*Brown v. Lyford*, 243 F.3d 185 (5th Cir. 2001) ....................15

*Budri v. FirstFleet Inc.*, Civil Action No. 3:19-CV-0409-N-BH, 2019 U.S. Dist. LEXIS 188251 (N.D. Tex. 2019) ....................11

*Buehler v. City of Austin/Austin Police Dep't,* 824 F.3d 548 (5th Cir. 2016) ....................13

*Castellano v. Fragozo*, 352 F.3d 939 (5th Cir. 2003) (en banc) ....................16

*Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285 (5th Cir. 2004) ....................4

*City of Canton v. Harris*, 489 U.S. 378 (1989) ....................20

*City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247 (1981) ....................20

*Cole v. Carson*, 802 F.3d 752, 773 (5th Cir. 2015) ....................17

*Cormier v. Lafayette City-Parish Consol. Gov't*, 493 F. App'x 578 (5th Cir. 2012) ....................5, 6

*Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808 (5th Cir. 2010) ....................12

*Curtis v. Anthony*, 710 F.3d 587 (5th Cir. 2013) ....................12

*Dalfrey v. Boss Hoss Cycles, Inc.*, 456 F. App'x 329, 333 n.3 (5th Cir. 2011) ....................4

*Davidson v. City of Stafford, Tex.*, 848 F.3d 384 (5th Cir. 2017) ....... 18

*Davis v. Hodgkiss*, 11 F.4th 329 (5th Cir. 2021) ....... 12

*Duckett v. City of Cedar Park*, 950 F.2d 272 (5th Cir. 1992) ....... 15

*Floyd v. City of Kenner*, 351 F. App'x 890 (5th Cir. 2009) ....... 3

*Franks v. Delaware*, 438 U.S. 154 (1978) ....... 14

*Freeman v. Cnty. of Bexar*, 210 F.3d 550 (5th Cir. 2000) ....... 11

*Fuentes v. Nueces Cty., Tex.*, 689 F. App'x 775 (5th Cir. 2017) ....... 18

*Funk v. Stryker Corp.*, 631 F.3d 777 (5th Cir. 2011) ....... 4

*Gray ex rel. Rudd v. Beverly Enterprises-Mississippi, Inc.*, 390 F.3d 400 (5th Cir. 2004) ....... 5

*Heck v. Humphrey*, 512 U.S. 477 (1994) ....... *passim*

*Hicks-Fields v. Harris County*, 860 F.3d 803 (5th Cir. 2017) ....... 16

*Humphreys v. City of Ganado, Texas*, 467 F. App'x 252 (5th Cir. 2012) ....... 12

*Ill. v. Gates*, 462 U.S. 213 (1983) ....... 15

*In re Selcraig*, 705 F.2d 789 (5th Cir. 1983) ....... 19

*Jackson v. City of Hous. Police Dep't,* No. 4:22-CV-2805,
2023 U.S. Dist. LEXIS 112425 (S.D. Tex. 2023) ....... 9

*Jennings v. Patton*, 644 F.3d 297 (5th Cir. 2011) ....... 16

*Johnson v. McElveen*, 101 F.3d 423 (5th Cir. 1996) ....... 7

*Johnson v. Norcross*, 565 F. App'x 287 (5th Cir. 2014) ....... 11

*Joseph v. Bartlett*, 981 F.3d 319 (5th Cir. 2020) ....... 16

*Kansas Reinsurance Co. v. Cong. Mortgage Corp. of Texas*, 20 F.3d 1362 (5th Cir. 1994) ....... 11

*Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163 (1993) ....... 3

*Lee v. Morial*, No. 01-30875, 2002 U.S. App. LEXIS 29475 (5th Cir. 2002) ....... 5

*Littell v. Hous. Indep. Sch. Dist.*, 894 F.3d 616 (5th Cir. 2018) ....... 17

*Mahan, et al v. City of Houston TX, et al*, S. D. Tex. No. 4:02-cv-01435....................................20

*Mangieri v. Clifton*, 29 F.3d 1012 (5th Cir. 1994) ....................................................................12

*Manuel v. City of Joliet*, 137 S. Ct. 911 (2017) ........................................................................10

*Martinez v. Nueces County*, ___ F.4 ___,
No. 22-40663, 2023 U.S. App. LEXIS 15915 (5th Cir. Jun. 23, 2023). .................................18

*Mascitti v. Quarterman*, No. C-09-093,
2009 U.S. Dist. LEXIS 112134, 2009 WL 4728003 (S.D. Tex. Dec. 3, 2009) ..........................5

*May v. City of Arlington, Texas*, 398 F. Supp. 3d 68 (N.D. Tex. 2019).......................................20

*Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653 (Tex. 2008) ..................................7

*Mohamed for A.M. v. Irving Indep. Sch. Dist.*, 252 F. Supp. 3d 602 (N.D. Tex. 2017)................16

*Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978)...................................................................20

*Moore v. McDonald*, 30 F.3d 616 (5th Cir. 1994)..........................................................................9

*Mowbray v. Cameron Cnty., Tex.*, 274 F.3d 269 (5th Cir. 2001) .................................................15

*Nieves v. Bartlett*, 139 S. Ct. 1715 (2019).....................................................................................13

*Norris v. Hearst Trust*, 500 F.3d 454 (5th Cir. 2007) ......................................................................3

*O'Dwyer v. Nelson*, 310 F. App'x 741 (5th Cir. 2009).....................................................................7

*Pembaur v. City of Cincinnati*, 475 U.S. 469 (1986) ....................................................................16

*Peterson v. City of Fort Worth*, 588 F.3d 838 (5th Cir. 2009) .....................................................17

*Phillips v. City of Baytown*, No. 4:22-CV-2197,
2023 U.S. Dist. LEXIS 109627 (S.D. Tex. 2023)..........................................................................6

*Pineda v. City of Houston*, 291 F.3d 325 (5th Cir. 2002) ...........................................................18

*Piotrowski v. City of Houston*, 237 F.3d 567 (5th Cir. 2001)........................................................17

*R2 Invs. LDC v. Phillips*, 401 F.3d 638 (5th Cir. 2005) ...............................................................3

*Ratliff v. Aransas Cty., Texas*, 948 F.3d 281 (5th Cir. 2020).......................................................17

*Sanchez v. Bank of S. Tex.*, 494 F. Supp. 3d 421 (S.D. Tex. 2020) ................................................5

*Sappington v. Bartee*, 195 F.3d 234 (5th Cir. 1999)....................6

*Shaw v. Harris*, 116 F. App'x 499 (5th Cir. 2004)....................6

*Simmons v. Local 565 Air Transp. Div. Transp. Workers Union of Am. AFL-CIO*, No. 3:09-CV-1181-B, 2010 U.S. Dist. LEXIS 60082 (N.D. Tex. June 16, 2010)....................11

*Smith v. Gonzales*, 670 F.2d 522 (5th Cir. 1982)....................14, 16

*Spiller v. City of Texas City*, 130 F.3d 162 (5th Cir. 1997)....................17

*Taylor v. Charter Med. Corp.*, 162 F.3d 827 (5th Cir. 1998)....................5

*Texas Beef Cattle Co. v. Green*, 921 S.W.2d 203 (Tex. 1996)....................8

*Thibodeaux v. Normand*, No. 13-5903, 2020 U.S. Dist. LEXIS 134977 (E.D. La. 2020)....................9

*Thomas v. City of New Orleans*, 687 F.2d 80 (1982)....................20

*Thomas v. Torres*, No. 2:18-CV-1, 2018 U.S. Dist. LEXIS 65302 (S.D. Tex. 2018)....................10

*Thompson v. Crnkovich*, 2017 WL 5514519 (N.D. Tex. Nov. 16, 2017)....................8

*Thomson v. Steele*, 709 F.2d 381 (5th Cir. 1983)....................8

*Villegas v. Galloway*, 458 F. App'x 334 (5th Cir. 2012)....................6

*Wallace v. Kato*, 549 U.S. 384 (2007)....................9

*Webb v. Town of Saint Joseph*, 925 F.3d 209 (5th Cir. 2019)....................17

*Webster v. City of Houston*, 735 F.2d 838 (5th Cir. 1984)....................18, 19

*Wells v. Bonner*, 45 F.3d 90 (5th Cir. 1995)....................6

*Whitley v. Hanna*, 726 F.3d 631 (5th Cir. 2013)....................17

**Statutes, Rules, and Constitutions**

42 U.S.C. § 1983....................6

42 U.S.C.S. § 1983....................9

FED. R. CIV. P. 12....................*passim*

FED. R. EVID. 201....................4

TEX. CONST. ART. II ....................................................................................................13

TEX. CONST. ART. III ..................................................................................................12

TEX. CONST. ART. IV ..................................................................................................12

TEX. CONST. ART. V ....................................................................................................12

U.S. Const. amend. IV.......................................................................................*passim*

U.S. Const. amend. V.........................................................................................*passim*

U.S. Const. amend. XIV.....................................................................................*passim*

## NATURE AND STAGE OF THE PROCEEDING

Plaintiff, Antonio Armstrong, Jr. commenced this action on August 15, 2023, the night before jury deliberation began in his capital murder trial. Doc. 1. On August 16, 2023, he was convicted of the capital murders of his parents, Dawn and Antonio Armstrong, Sr., and sentenced to life in prison. **Exhibit 1.** Plaintiff claims that new blood evidence presented at his third capital murder trial was either planted or the result of cross-contamination. Doc. 1. The complaint asserts Fourth and Fourteenth Amendment violations pursuant to 42 U.S.C. § 1983, a common law malicious prosecution claim under state law, and references without asserting a Fifth Amendment violation. *Id.* at 7-13. Plaintiff essentially complains of testimony and evidence presented by Harris County District Attorney's Office prosecutors and an expert witness who is neither an employee nor agent of the Defendant, City of Houston. *Id.* at 1-6. Plaintiff filed a supplement to his complaint on August 18, 2023, identifying the witness as Celestina Rossi, a Montgomery County Sheriff's Office employee. Doc. 3. Plaintiff's only basis for suing the Defendant City of Houston is his allegation that at some times (but not all times), evidence was stored in the Houston Police Department property room. Doc. 1 at ¶¶18-19.

## ISSUES PRESENTED

I. Plaintiff's claims are barred by *Heck v. Humphrey* because they necessarily challenge his capital murder conviction which has not been reversed, invalidated, or expunged.

II. The City's Governmental immunity bars any common law malicious prosecution claim.

III. Plaintiff fails to plausibly allege the City's involvement in any alleged constitutional violation to support a claim for relief pursuant to 42 U.S.C. § 1983.

V. Plaintiff's Fourth Amendment allegations are barred by the statute of limitations.

VI. Failure to Intervene is neither available against the City nor adequately pled.

VII. Plaintiff fails to allege facts to support any component of a *Monell* claim.

VIII. Punitive Damages are not available against the City.

## SUMMARY OF THE ARGUMENT

Plaintiff's section 1983 and state law malicious prosecution claims necessarily call into question his capital murder conviction, which has not been reversed, invalidated, or expunged, therefore his claims are barred by the Supreme Court's holding in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Any state law malicious prosecution claim is also barred by the City's governmental immunity under the Texas Tort Claims Act.

Plaintiff does not identify any constitutional violation by the City or its employees. He complains exclusively of alleged false evidence in the form of witness testimony and blood evidence he claims was either "planted" or intentionally cross-contaminated by a Montgomery County Sheriff's Office Crime Scene Unit investigator, and presented by the District Attorney's office, for which the City cannot be held liable. These allegations are governed by the Fourteenth and not the Fourth Amendment. Witnesses are entitled to absolute immunity against § 1983 suits based on their testimony in a criminal trial. Any Fourth Amendment violation resulting from Plaintiff's alleged 2016 arrest is barred by the two-year statute of limitations, and tolling does not apply. Plaintiff's arrest pursuant to a valid warrant, following a finding of probable cause by a judge and supported by a grand jury indictment were lawful as a matter of law. Plaintiff references without asserting any Fifth Amendment violation.

Plaintiff fails to plausibly allege a City policy, custom, or widespread practice that was the moving force behind any alleged constitutional violation to support a *Monell* claim relying on three completely dissimilar incidents occurring decades apart from each other, in 1977, 2000 and 2019.

A failure to intervene claim is not available against the City. Even if it were, Plaintiff has not alleged facts demonstrating that the City was present and had a reasonable opportunity to prevent a constitutional violation but chose not to do so. Punitive damages are not available against the City under either section 1983 or state law.

## STANDARD OF REVIEW

Pursuant to Rule 12(b)(6), an action may be dismissed "for failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). To survive a motion to dismiss, a plaintiff is required to plead "enough facts to state a claim to relief that is plausible on its face." *Floyd v. City of Kenner*, 351 F. App'x 890, 892-93 (5th Cir. 2009), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Floyd*, *supra*, 351 F. App'x at 892-93, citing *Ashcroft v. Iqbal*, 556 U.S. at 678 (2009) (citing *Twombly*, 550 U.S. at 556). In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court identifies conclusory allegations and proceeds to disregard them, for they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 680. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id.* This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. Although required to accept all "well-pleaded facts" as true, the court is not required to accept legal conclusions as true. *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993); *Iqbal*, 556 U.S. at 677-78, 680. Similarly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will not suffice. *Id.* at 678. That is, the complaint must offer more than an "unadorned, the defendant-unlawfully-harmed-me accusation." *Id.*

In determining whether a plaintiff's claims survive a Rule 12(b)(6) motion to dismiss, the court considers (1) the well pleaded facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201. *See Norris v. Hearst Trust*, 500 F.3d 454, 461 n. 9 (5th Cir. 2007); *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 640 n. 2 (5th Cir. 2005). The court may also properly consider documents attached to the defendant's motion that

are referred to in the complaint and are central to the plaintiff's claims. *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004); *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).

**MOTION FOR JUDICIAL NOTICE**

When deciding a motion to dismiss a district court may "consider matters of which they may take judicial notice."[1] "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201(b). *Id.* The court *must* take notice of a fact if "a party requests it and the court is supplied with the necessary information." FED. R. EVID. 201(c)(2). "It is well-established that a Court may consider matters of public record in assessing a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss."[2] Moreover, "[a] court has the discretion to take judicial notice of an 'adjudicative fact' at any stage of a proceeding."[3] A court "cannot take judicial notice of findings of fact of other courts, [but] the fact that a judicial action was taken is indisputable and is therefore amenable to judicial notice."[4] Taking judicial notice of public records or other court proceedings does not convert this motion to dismiss into a motion for summary judgment. *See Dalfrey v. Boss Hoss Cycles, Inc.*, 456 F. App'x 329, 333 n.3 (5th Cir. 2011) (holding that the district court was not required to convert the motion to dismiss into a motion for summary judgment when it took judicial notice of public records.).

The City moves for the Court to take judicial notice of Harris County District Clerk records for

---

[1] *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd*., 551 U.S. 308, 322 (2007) (citations omitted); *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017-18 (5th Cir. 1996) (citing FED. R. EVID. 201(f))

[2] *Sanchez v. Bank of S. Tex*., 494 F. Supp. 3d 421, 429 (S.D. Tex. 2020) (citing *Norris v. Hearst* Tr., 500 F.3d 454, 461 n.9 (5th Cir. 2007)).

[3] *Mascitti v. Quarterman*, No. C-09-093, 2009 U.S. Dist. LEXIS 112134, 2009 WL 4728003, at *1 (S.D. Tex. Dec. 3, 2009) (citing FED. R. EVID. 201; *Taylor v. Charter Med. Corp.*, 162 F.3d 827, 829 (5th Cir. 1998)).

[4] *Gray ex rel. Rudd v. Beverly Enterprises-Mississippi, Inc.*, 390 F.3d 400, 408 (5th Cir. 2004) (citing *Taylor v. Charter Med. Corp.*, 162 F.3d 827, 831 (5th Cir. 1998)).

the criminal case referenced in, and central to, Plaintiff's complaint. *State of Texas v. Atonio Armstrong, Jr.*, Case No. 15461110, in the 178th Criminal District Court of Harris County, Texas. Certified copies of the criminal case records are attached as **Exhibits 1 through 8** and establish the Plaintiff's conviction by a jury of the capital murders of his parents, Dawn Armstrong and Antonio Armstrong, Sr. **Exhibit 1.**

## ARGUMENT AND AUTHORITIES

### I. Plaintiff's claims are barred by *Heck v. Humphrey*.

"Section 1983 claims for damages are 'not appropriate vehicles for challenging the validity of outstanding criminal judgments.'" *Lee v. Morial*, No. 01-30875, 2002 U.S. App. LEXIS 29475, at *24 (5th Cir. 2002) (quoting *Heck*, 512 U.S. at 486). Under *Heck*, a federal district court must dismiss a complaint brought pursuant to 42 U.S.C. § 1983, when the civil rights action, if successful, would necessarily imply the invalidity of a plaintiff's conviction or sentence, unless the plaintiff demonstrates that the conviction or sentence has been reversed, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. *Id.* at 486-87. *See also Arnold v. Town of Slaughter*, 100 F. App'x 321, 323 (5th Cir. 2004) (per curiam). If the conviction remains in place, the plaintiff's proper remedy lies exclusively in direct appeal to state courts or filing for a writ of habeas corpus from state or federal courts. *Id.* *Lee v. Morial*, LEXIS 29475, at *24-25.

The Fifth Circuit has "specifically noted that false-arrest and malicious-prosecution claims challenge the existence of probable cause and, thus, by their essence are collateral attacks on a criminal judgment's validity." *Cormier v. Lafayette City-Parish Consol. Gov't*, 493 F. App'x 578, 583 (5th Cir. 2012) (citing *Wells v. Bonner*, 45 F.3d 90, 95 (5th Cir. 1995)). Further:

> The specific crimes charged are irrelevant if the § 1983 claims would cause a civil judgment in the plaintiff's favor to "collide" with the criminal judgment. *Wells*, 45 F.3d at 95. It also is immaterial that the plaintiff was not convicted on every count charged. *Id.* False-arrest and malicious-prosecution claims—as attacks on probable cause—"focus on the validity of the arrest." *Id.* Thus, "[i]f there was probable cause for any of the charges made . . . then the

> arrest was supported by probable cause," and *Heck* applies. *Id.*; *cf. Devenpeck v. Alford*, 543 U.S. 146, 153 [] (2004) ("find[ing] no basis in precedent or reason" for concluding "that the probable-cause inquiry is further confined to the known facts bearing upon the offense actually invoked at the time of arrest, and that (in addition) the offense supported by these known facts must be 'closely related' to the offense that the officer invoked" (citation omitted)).

*Cormier*, 493 F. App'x 578 at 583-84.

Plaintiff asserts Fourth, Fifth, and Fourteenth Amendment violations under section 1983 and a state law malicious prosecution claim arising exclusively from his arrest and August 16, 2023, criminal conviction for the capital murders of Dawn Armstrong and Antonio Armstrong, Sr.[5] Plaintiff complains of alleged false evidence in the form of witness testimony and blood evidence he claims was either "planted" or intentionally cross-contaminated by a Montgomery County Sheriff's Office Crime Scene Unit investigator during his criminal trial that resulted in Plaintiff's conviction of capital murder, which has not been reversed, invalidated, or expunged. *See* **Exhibits 1-8.** "As is intuitively obvious, claims of false evidence presented during various criminal proceedings necessarily implicate the validity of those proceedings," and are barred by *Heck*. *See Shaw v. Harris*, 116 F. App'x 499, 500 (5th Cir. 2004) (per curiam) (finding claims that false evidence was presented at trial and state habeas proceeding barred by *Heck*); *Villegas v. Galloway*, 458 F. App'x 334, 337 (5th Cir. 2012) (claims such as use of perjured testimony and fabricated evidence, and suppression of favorable evidence are barred by *Heck*); *Sappington v. Bartee*, 195 F.3d 234, 237 (5th Cir. 1999) (per curiam) (finding claim based on theory that there was no probable cause for an arrest barred by *Heck*); *Phillips v. City of Baytown*, No. 4:22-CV-2197, 2023 U.S. Dist. LEXIS 109627, at *19 (S.D. Tex. 2023) (holding the *Heck* Rule barred false arrest, illegal seizure, false imprisonment, malicious prosecution, and first amendment retaliation claims). Plaintiff's state law malicious prosecution and false imprisonment claims are barred for the

[5] See Doc. 1 at ¶¶4, 6; **Exhibit 1** (8/16/2023 judgment of conviction by Jury); **Exhibit 2** (felony indictment); **Exhibit 3** (case document history).

same reasons under corresponding state law.[6]

Plaintiff's claims must be dismissed with prejudice to their being asserted again until such time as the *Heck* conditions are met. *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (holding claims must be "dismissed with prejudice to their being asserted again until the *Heck* conditions are met").

## II. **The City's Governmental immunity bars any common law malicious prosecution claim.**

Under Texas law, "all tort theories of recovery alleged against a governmental unit, whether sued alone or together with its employees," are assumed to arise under the Texas Tort Claims Act (TTCA). *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 659 (Tex. 2008). As a governmental unit, the City of Houston is immune under the TTCA from suit for intentional torts such as false imprisonment, false arrest, and malicious prosecution.[7] This immunity extends to officers acting in their official capacities. *Alexander v. Walker*, 435 S.W.3d 789, 791 (Tex. 2014) (citing Tex. Civ. Prac. & Rem. Code § 101.106(f)). Plaintiff's claims are unambiguously barred by the City's governmental immunity and must be dismissed for lack of subject matter jurisdiction.[8] *See, e.g, Jackson v. City of Hous. Police Dep't,* No. 4:22-CV-2805, 2023 U.S. Dist. LEXIS 112425, at *10 (S.D. Tex. 2023) (holding same).

## III. **Plaintiff fails to plausibly allege the City's involvement in a constitutional violation.**

To state a claim under 42 U.S.C.S. § 1983, a plaintiff must demonstrate first, a violation of the U.S. Constitution or federal law; and second, that the violation was committed by someone acting under color of state law. *O'Dwyer v. Nelson*, 310 F. App'x 741, 742 (5th Cir. 2009). Under § 1983 each government official is "only liable for his or her own misconduct." *Iqbal*, 556 U.S. at 677. "It is well-

---

[6] *Texas Beef Cattle Co. v. Green*, 921 S.W.2d 203, 207 (Tex. 1996).

[7] *Lewis-Piccolo v. City of Houston*, No. H-16-2897, 2017 U.S. Dist. LEXIS 94745, 2017 WL 2644211, at *4 (S.D. Tex. June 1, 2017) (citing Tex. Civ. Prac. & Rem. Code § 101.057), *memorandum and recommendation adopted*, 2017 U.S. Dist. LEXIS 93691, 2017 WL 2633592 (S.D. Tex. June 19, 2017).

[8] *Lewis-Piccolo*, WL 2644211, at *4; Tex. Civ. Prac. & Rem. Code § 101.057(2) (barring claims against a governmental unit "arising out of assault, battery, false imprisonment, or any other intentional tort.").

settled that a plaintiff in a civil rights case must demonstrate not only a constitutional violation, but also personal involvement on behalf of those alleged to have violated the plaintiff's constitutional rights." *See Thomson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983) ("Personal involvement is an essential element of a civil rights cause of action."); *Thompson v. Crnkovich*, 2017 WL 5514519 *2 (N.D. Tex. Nov. 16, 2017) (Without personal involvement or participation in an alleged constitutional violation the individual should be dismissed as a defendant.).

The City cannot be held vicariously liable under Section 1983. Nevertheless, the complaint is devoid of actual facts to show a constitutional violation by the City, its police officers or employees. This action, filed on the eve of jury deliberations in Plaintiff's capital murder trial, presents nothing more than Plaintiff's unsupported belief that a Montgomery County CSU officer testified falsely, cross-contaminated or planted evidence which the defense *chose* not to contest at trial and do not challenge in their criminal post-conviction proceedings.[9]

Plaintiff complains of new blood evidence presented at his third capital murder trial by the prosecution and an expert witness for the prosecution who is not alleged to have been any City employee. Doc. 1 at ¶15. The complaint specifically alleges that all the HPD witnesses testified that they saw no blood on Plaintiff or his clothing on the night of the murders. *Id.* at ¶¶9-14. Plaintiff alleges that the prosecution's expert witness testified that one of the two particles of new blood evidence had been transferred there, and assumes "that human action, after the T-shirt was taken from Armstrong, caused Armstrong's father's blood particle to be there." *Id.* at ¶15. Plaintiff concludes that "the blood was planted by, or in conspiracy with, one or more persons at the HPD[.]" *Id.* at ¶18. Plaintiff assumes that on or more individuals purposely caused the deposition of the victim's blood on the T-shirt "while it was in the HPD Property Room or otherwise in HPD's possession." *Id.* at ¶19. The complaint acknowledges

[9] See **Exhibit 3** (motion for new trial in criminal proceedings). *See also id.* at 9 (affidavit of Richard DeToto, criminal defense counsel for Plaintiff, attesting to their "decision to not contest the new blood evidence…").

periods when the evidence was not in custody of the HPD. *Id.* at ¶5 (referencing periods when T-shirt was in possession of the Houston Forensic Science Center or the Harris County District Attorney's Office). The supplement to Plaintiff's original complaint identifies Montgomery County Sheriff's Office employee Celestina Rossi as the person who allegedly testified falsely at the third murder trial, who handled, discovered, or allegedly "planted" the new blood evidence. Doc. 3-2 at 1; Doc. 1 at ¶15; Doc. 3 at ¶15A. The City cannot be held liable for the alleged actions of prosecutors or a Montgomery County employee. Plaintiff asserts no viable claim against the City of Houston.

## IV. <u>Plaintiff fails to plausibly allege any constitutional violation to support a claim for relief pursuant to 42 U.S.C. § 1983.</u>

### A. <u>Any Fourth Amendment claim is barred by the statute of limitations.</u>

Although limitations is an affirmative defense, a defendant may move for dismissal under Rule 12(b)(6) if the facts giving rise to this defense "appear[ ] on the face of the complaint."[10] "Because there is no federal statute of limitations for § 1983 claims, district courts use the forum state's personal injury limitations period," which in Texas is two years. *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994). Claims for false arrest accrue upon the arrest and run until "legal process was initiated against [the defendant]." *Wallace v. Kato*, 549 U.S. 384, 390 (2007). A pretrial or pre-verdict Fourth Amendment violation accrues independently of a judgment of conviction, so the start of the limitations clock does not depend on whether the plaintiff is subject to an extant criminal conviction. *Thibodeaux v. Normand*, No. 13-5903, 2020 U.S. Dist. LEXIS 134977, at *16 (E.D. La. 2020) (citations omitted).

Any Fourth Amendment claim accrued on the date of Plaintiff's alleged arrest "on July 29, 2016, by City of Houston personnel." Doc. 1 at ¶4. Limitations expired on July 29, 2018. The complaint and

---

[10] *Budri v. FirstFleet Inc.*, No. 3:19-CV-0409-N-BH, 2019 U.S. Dist. LEXIS 188251, at *26 (N.D. Tex. 2019) (citing *Simmons v. Local 565 Air Transp. Div. Transp. Workers Union of Am. AFL-CIO*, No. 3:09-CV-1181-B, 2010 U.S. Dist. LEXIS 60082, 2010 WL 2473840, at *4 (N.D. Tex. June 16, 2010) (citing *Kansa Reinsurance Co. v. Cong. Mortgage Corp. of Texas*, 20 F.3d 1362, 1366 (5th Cir. 1994))).

judicially noticeable documents demonstrate that, in the wake of his arrest, legal process was initiated against Plaintiff, and that the process was initiated well over two years before the filing of Plaintiff's Complaint. **Exhibits 4 and 5.** Thus, this action commenced on August 15, 2023, more than four years after limitations expired, is time-barred and tolling does not apply. *See id.* (holding same); *Thomas v. Torres*, No. 2:18-CV-1, 2018 U.S. Dist. LEXIS 65302, at *8-9 (S.D. Tex. 2018) (citing *Humphreys v. City of Ganado, Texas*, 467 F. App'x 252, 255 (5th Cir. 2012).

**B. <u>The Fourth Amendment does not apply.</u>**

Plaintiff does not assert any viable basis for a Fourth Amendment claim. He alleges that:

- Defendant "acted and failed to act thereby allowing planted blood/DNA evidence to be attributed to Plaintiff in the public including public governmental records when this was knowingly false;"
- That planted evidence "was knowingly used at trial to attempt to convict the Plaintiff;" and
- "Defendant caused the continuation of criminal proceedings against Plaintiff."

Doc. 1 at ¶¶28-29.

These allegations are both conclusory and implausible in that the City neither prosecuted nor controlled any criminal proceedings against Plaintiff. *See* **Exhibits 1, 2, 4, 5, 6.** The Texas constitution grants the authority to prosecute criminal cases on behalf of the state exclusively to locally-elected district and county attorneys. ART. V, SECS. 21 & 30, TEX. CONST. *See also id.*, ARTS. III, IV. No other person, agency, or entity may exercise any of those powers. ART. II, SEC. 1, TEX. CONST. Municipalities may only employ city attorneys to prosecute fine-only crimes and violations of city ordinances in municipal courts. ART. V, SECS. 21 & 30, TEX. CONST.

A plaintiff may rely on the Fourth Amendment to challenge an allegedly unlawful period of *pretrial* detention. *Manuel v. City of Joliet*, 137 S. Ct. 911, 914 (2017). But the Fourth Amendment does not apply once a trial has occurred:

By contrast . . . once a trial has occurred, the Fourth Amendment drops out: A person challenging

> the sufficiency of the evidence to support both a conviction and any ensuing incarceration does so under the Due Process Clause of the Fourteenth Amendment . . . [t]he Framers "drafted the Fourth Amendment" to address the matter of *pretrial* deprivations of liberty . . ., and the Amendment thus provides "standards and procedures" for "the detention of suspects *pending trial*.

*Manuel*, 137 S. Ct. at 920 n.8 (emphasis in original and internal citations omitted). *See also Thibodeaux v. Normand*, No. 13-5903, 2020 U.S. Dist. LEXIS 134977, at *11 (E.D. La. 2020). Plaintiff fails to allege facts challenging an allegedly unlawful period of *pretrial* detention to support a Fourth Amendment claim. He may not rely on the Fourth Amendment to challenge his criminal conviction. *Manuel*, 137 S. Ct. at 920.

### C. <u>Plaintiff fails to plausibly allege any Fourth Amendment violation.</u>

#### *(1) Plaintiff's arrest pursuant to a valid warrant was lawful as a matter of law.*

The Fourth Amendment guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. "Where an arrest is made under authority of a properly issued warrant, the arrest is simply *not* a false arrest." *Johnson v. Norcross*, 565 F. App'x 287, 289 (5th Cir. 2014) (quoting *Smith v. Gonzales*, 670 F.2d 522, 526 (5th Cir. 1982)) (emphasis added). When an arrest is pursuant to a warrant, a Fourth Amendment violation may arise if the plaintiff plausibly establishes that the particular defendant made intentional misrepresentations or material omissions in the warrant application, without which the warrant would not have established probable cause. *Id.* at 289. *See also Freeman v. Cnty. of Bexar*, 210 F.3d 550, 553 (5th Cir. 2000) (citing *Franks v. Delaware*, 438 U.S. 154, 171 (1978)).

Plaintiff's arrest made under authority of a valid warrant upon finding of probable cause by a state district judge was lawful as a matter of law. **Exhibit 3** at 2, 3 (3/31/2017 charging instrument, probable cause determination and certification to be tried as an adult); **Exhibit 6** (bookings and holds reflecting 3/31/2017 date of arrest). Plaintiff offers no facts showing that (1) an HPD officer arrested him without a warrant; or (2) that an HPD officer obtained an arrest warrant based on false statements or

material omissions knowingly and intentionally, or with reckless disregard for the truth, and the false statements or material omissions were necessary to the finding of probable cause. *Davis v. Hodgkiss*, 11 F.4th 329, 333 (5th Cir. 2021).

***(2) Plaintiff does not claim a warrantless arrest without probable case.***

To state a claim for an alleged false arrest without a warrant, (which is not at issue in this case), the Plaintiff must, at minimum, allege plausible facts that establish the lack of probable cause for his arrest.[11] "For warrantless arrests, the test for whether the police officer had probable cause to arrest is if, at the time of the arrest, he had knowledge that would warrant a prudent person's belief that the person arrested had already committed or was committing a crime." *Mangieri v. Clifton*, 29 F.3d 1012, 1016 (5th Cir. 1994) (quoting *Duckett v. City of Cedar Park,* 950 F.2d 272, 278 (5th Cir. 1992)). "Probable cause requires only a probability or substantial chance of criminal activity, not an actual showing of such activity." *Curtis v. Anthony*, 710 F.3d 587, 595 (5th Cir. 2013) (quoting *Ill. v. Gates*, 462 U.S. 213, 245 n. 13 (1983)).

Besides his belief that someone caused or allowed the transfer or planting of blood evidence presented years after his arrest, Plaintiff offers no facts to suggest the requisite lack of probable cause for his arrest. *Davis v. Hodgkiss*, 11 F.4th 329, 333 (5th Cir. 2021). His lengthy pretrial proceedings, three trials and ultimate conviction of capital murder support probable cause for his arrest. The conclusory allegation that the City caused the continuation of criminal proceedings with evidence allegedly fabricated, planted, or presented by third parties, does not suffice. And the complaint specifies that this evidence was not at issue until three days before the third capital murder trial, in June 2023. Doc. 1 at

[11] *Ashcroft,* 556 US at 678. *See also Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011); *C.H. v. Rankin Cty. Sch. Dist.*, 415 F. App'x 541, 543 (5th Cir. 2011). It is well-settled that the lack of probable cause is "a necessary component" of a false arrest claim. *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 813 (5th Cir. 2010). *See also Brown v. Lyford*, 243 F.3d 185, 189 (5th Cir. 2001) ("The 'constitutional torts' of false arrest, unreasonable seizure, and false imprisonment . . . require a showing of no probable cause.").

¶7. Finally, the Supreme Court has expressly rejected any attempt to state a false arrest claim based on allegations of an officer's ill intent. *Nieves v. Bartlett*, 139 S. Ct. 1715, 1725 (2019).

***(3) Plaintiff's claims are barred by the independent intermediary doctrine.***

When "facts supporting an arrest are placed before a magistrate, judge, or other independent intermediary" and that intermediary issues a warrant, then the intermediary's decision to cause a warrant to be issued "'breaks the chain of causation' for the Fourth Amendment violation." *Jennings v. Patton*, 644 F.3d 297, 300–01 (5th Cir. 2011). Under this doctrine, "even an officer who acted with malice . . . will not be liable if the facts supporting the warrant or indictment are put before an impartial intermediary such as a magistrate or a grand jury, for that intermediary's 'independent' decision 'breaks the causal chain' and insulates the initiating party." *Buehler v. City of Austin/Austin Police Dep't*, 824 F.3d 548, 553-54 (5th Cir. 2016) (multiple citations and quotations omitted)). The Fifth Circuit's "precedents have applied this rule even if the independent intermediary's action occurred after the arrest, and even if the arrestee was never convicted of any crime."[12]

The independent intermediary doctrine becomes relevant when—as here—a plaintiff's claims depend on a lack of probable cause to arrest him.[13] Neither the City nor its officer can be held liable for an arrest that a grand jury and district court judge found was supported by probable cause, and for charges of which Plaintiff was ultimately convicted by a jury. *See* **Exhibit 4** (indictment); **Exhibit 5** (charging instruction, probable cause findings, and certification as an adult); **Exhibit 1** (judgment of conviction). Plaintiff cannot establish any Fourth Amendment violation and this claim should be dismissed with prejudice.

[12] *Buehler*, 824 F.3d 548, 553-54, citing *Taylor v. Gregg*, 36 F.3d 453, 455, 456-57 (5th Cir. 1994) (applying doctrine where presentment to magistrate and grand jury occurred after arrest), overruled on other grounds by *Castellano v. Fragozo*, 352 F.3d 939, 949 (5th Cir. 2003) (en banc)).

[13] *Id.* (citing *Cuadra*, 626 F.3d at 813 (applying the independent intermediary doctrine to Fourth Amendment claims)).

### D. <u>No Fourteenth Amendment violation.</u>

A person may have a Fourteenth Amendment due process claim based on manufactured evidence if "[1] police intentionally fabricate[d] evidence and successfully g[o]t someone falsely charged ... and [2] the Fourth Amendment is unavailing." *Cole v. Carson*, 802 F.3d 752, 773 (5th Cir. 2015). The fabrication must be intentional and must be done by an official. *See id.* at 767 (distinguishing *Cuadra*, 626 F.3d at 814, where school officials and not officers were at fault and *Bosarge v. Miss. Bureau of Narcotics*, 796 F.3d 435, 441-42 (5th Cir. 2015) where there was no intentional fabrication). To allege intentional police fabrication, however, the plaintiff must make more than conclusory allegations. *Id.* (citing *Bosarge*, 796 F.3d at 441-42).

As demonstrated above, Plaintiff does not plausibly claim that any City officer intentionally manufactured evidence used to convict him. The City neither prosecuted the Plaintiff nor presented the complained of evidence. *See* supra, Sec. III. Conclusory allegations that HPD planted or allowed evidence to be planted are grossly insufficient. Moreover, Plaintiff's fabricated evidence allegations fail the plausibility standard. Plaintiff relies on the presumed existence of an agreement among law enforcement and/or prosecutors with the district attorney's office to establish this requisite malintent to implicate the City, but this allegation is not specific enough to create a reasonable inference that the City or any of its officers either fabricated evidence or did so with the intent of falsely obtaining a charge or conviction against Plaintiff. *See Armstrong v. City of Shreveport*, 532 F. Supp. 3d 341, 352 n.5 (W.D. La. 2021) (dismissing similar allegations, explaining "Armstrong leans on the existence of an agreement among the Law Enforcement Defendants to establish this requisite malintent to implicate Ford, but as previously explained, this allegation is not specific enough to create a reasonable inference that Defendant Lockwood fabricated evidence about the fingerprint with the intent of falsely obtaining a charge against Ford.").

Plaintiff does not contend any HPD investigator or witness testified falsely at trial. He pleads the

opposite. Doc. 1 at ¶¶9-15. However, to the extent Plaintiff's claims rely on alleged testimony of any HPD officer at trial, or the alleged testimony of non-HPD experts for the prosecution, these claims are barred by absolute immunity. *See Mowbray v. Cameron Cnty., Tex.*, 274 F.3d 269, 277 (5th Cir. 2001) ("[W]itnesses are entitled to absolute immunity against § 1983 suits based on their testimony in a criminal trial."); *Briscoe v. LaHue*, 460 U.S. 325, 345 (1983) (finding the common-law immunity for witnesses provides immunity to criminal trial witnesses from section 1983 suit regardless of the witness's capacity.).

Plaintiff does not claim that the City or its employees had any obligation under *Brady v. Maryland*, 373 U.S. 83 (1963), to disclose the alleged complaint against Montgomery County CSU officer Rossi. Doc. #3-2. The City is not responsible for the alleged failure of the Harris County District Attorney's Office or Montgomery County CSU investigator to disclose the information. Further, complaints to the Texas Forensic Science Commission are publicly available on their website: https://www.txcourts.gov/fsc/publications-reports/investigative-reports/. This information was readily available to the defense. Moreover, the investigation revealed no wrongdoing or evidence "planting."[14]

Plaintiff's allegations of embarrassment and reputational damage alone do not support any Fourteenth Amendment deprivation. *In re Selcraig*, 705 F.2d 789, 791 (5th Cir. 1983) (quoting *Paul v. Davis*, 424 U.S. 693, 701 (1976)). "Damage to reputation alone, unaccompanied by other injury, will not, therefore, suffice for recovery under 42 U.S.C. § 1983, which protects only against "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States." *Id.* (citations omitted).

**E. <u>Plaintiff has not asserted any Fifth Amendment violation.</u>**

The Fifth Amendment to the United States Constitution provides, "No person . . . shall be compelled in any criminal case to be a witness against himself." U.S. Const. amend. V. A plaintiff

[14] See Final Report on Complaint by Dr. Robert Collins by Texas Forensic Science Commission (January 29, 2021), available at: https://www.txcourts.gov/media/1452015/fr_collins-complaint-01292021.pdf.

cannot maintain a § 1983 case for damages for a violation of the Fifth Amendment when the information allegedly improperly obtained was never actually used against him in a criminal case. *Mohamed for A.M. v. Irving Indep. Sch. Dist.*, 252 F. Supp. 3d 602, 619 (N.D. Tex. 2017) (citing *Chavez v. Martinez*, 538 U.S. 760, 765-73 (2003)). Plaintiff references the Fifth Amendment without asserting any Fifth Amendment cause of action. Doc. 1 at ¶1. The complaint does not allege the City or any HPD officer compelled the Plaintiff to be a witness against himself, obtained information from Plaintiff, much less that such information was used against him in a criminal case. Accordingly, any Fifth Amendment claim must be dismissed with prejudice.

## V. **Failure to intervene is neither available against the City nor adequately pled.**

An officer is liable for failure to intervene when that officer: (1) knew a fellow officer was violating an individual's constitutional rights, (2) was present at the scene of the constitutional violation, (3) had a reasonable opportunity to prevent the harm but nevertheless, (4) chose not to act. *Austin v. City of Pasadena*, 74 F.4th 312, 319 (5th Cir. 2023). Officers have a reasonable opportunity to intervene if they are present at the scene and that they violate their duty to intervene if their conduct demonstrates they acquiesced to the unconstitutional conduct engaged in by others. *Id. See also Joseph v. Bartlett*, 981 F.3d 319, 343 (5th Cir. 2020) (even bystander liability "requires more than mere presence in the vicinity of the violation"). In contrast, cities are held accountable via *Monell* for officers' constitutional violations only where city policy is the moving force behind officer misconduct. *See Monell*, 436 U.S. at 694. Municipalities may not be held liable under Section 1983 on a basis of vicarious liability. *Hicks-Fields v. Harris County*, 860 F.3d 803, 808 (5th Cir. 2017). Instead, municipalities are directly liable only for their own illegal acts. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986) (citing *Monell*, 436 U.S. at 694).

Plaintiff's failure to intervene claim fails for three reasons. First, a failure to intervene claim is not available against the City. *Id.* Second, even if it were, Plaintiff has not alleged facts demonstrating

that the City was present and had a reasonable opportunity to prevent a constitutional violation but chose not to do so. Finally, without an underlying constitutional violation, Plaintiff's failure to intervene claim fails. *See Whitley v. Hanna*, 726 F.3d 631, 646 (5th Cir. 2013) (failure to intervene).

## VI. Plaintiff fails to allege facts to support a *Monell* claim against the City.

A person may sue a municipality that violates his or her constitutional rights "under color of any statute, ordinance, regulation, custom, or usage." 42 U.S.C.S. § 1983. *Monell*, 436 U.S. at 690. The City can only be liable under § 1983 if it can be shown that its official "policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury" complained of. *Id.* at 694. Municipalities are not liable "on the theory of respondeat superior" and are "almost never liable for an isolated unconstitutional act on the part of an employee." *Id.* at 692. *See also Peterson v. City of Fort Worth*, 588 F.3d 838, 847 (5th Cir. 2009). Instead, "the unconstitutional conduct must be directly attributable to the municipality through some sort of official action or imprimatur; isolated unconstitutional actions by municipal employees will almost never trigger liability." *Webb v. Town of Saint Joseph*, 925 F.3d 209, 214 (5th Cir. 2019) (citations omitted).

To state a § 1983 claim against the City, the complaint "must allege sufficient factual content to permit the reasonable inference (1) that a constitutional violation occurred and (2) that an official policy attributable to the school district's policymakers (3) was the moving force behind it." *Littell v. Hous. Indep. Sch. Dist.*, 894 F.3d 616, 622-23 (5th Cir. 2018); *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (citing *Monell*, 436 U.S. at 694). When challenged in a 12(b)(6) context, the plaintiff "must do more than describe the incident that gave rise to his injury." *Ratliff v. Aransas Cty., Texas*, 948 F.3d 281, 285 (5th Cir. 2020) (quotation omitted). In addition, "[t]he description of a policy or custom and its relationship to the underlying constitutional violation . . . cannot be conclusory; it must contain specific facts." *Spiller v. City of Texas City*, 130 F.3d 162, 167 (5th Cir. 1997).

### A. Plaintiffs' allegations are deficient to infer a persistent, widespread practice of

**planting evidence.**

Plaintiff does not allege that an officially promulgated policy authorized an alleged violation of his constitutional rights. *See Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984) (en banc). Therefore, to survive dismissal, he has to rely on a custom or practice "so common and well settled as to constitute a custom that fairly represents municipal policy," and "[a]ctual or constructive knowledge of such custom must be attributable" to the policymaker. *Id. See also Monell*, 436 U.S. at 694. *Martinez v. Nueces County*, ___ F.4 ___, No. 22-40663, 2023 U.S. App. LEXIS 15915, at *3-4 (5th Cir. Jun. 23, 2023). "A pattern requires similarity, specificity, and sufficiently numerous prior incidents" placed in context of the size of the police department and number of investigations carried out. *Davidson v. City of Stafford, Tex.*, 848 F.3d 384, 396 (5th Cir. 2017); *Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002). "Prior indications cannot simply be for any and all bad or unwise acts, but rather must point to the specific violation in question." *Fuentes v. Nueces Cty., Tex.*, 689 F. App'x 775, 778 (5th Cir. 2017) (quoting *Peterson*, 588 F.3d at 851 (alteration in original)). Showing a pervasive pattern is a heavy burden. *Id.*

**B. Plaintiff relies on isolated and dissimilar instances spanning over 45 years.**

Plaintiff relies on ***three completely dissimilar*** incidents ***occurring decades apart*** from each other, in 1977, 2000 and 2019, that can never establish the requisite pattern in context of "one of the Nation's largest cities and police forces." *Pineda*, 291 F.3d at 328. The Goines incident involved a single employee and not any planted evidence. The two other isolated instances of alleged wrongdoing by individual employees 46 and 23 years ago are grossly deficient to establish a pattern of the City. Nor could these isolated, remote instances have been the moving force behind any alleged violation of Plaintiff's constitutional rights by a Harris County District Attorney's office prosecution, testimony and evidence allegedly planted by a Montgomery County employee in 2023.

**The 2019 Goines incident did not involve evidence planting but isolated acts of an officer.** Plaintiff claims that the Goines incident involved planting of evidence by many other HPD officers, but the complaint incorporates a Wikipedia entry stating the opposite. https://en.wikipedia.org/wiki/Harding_Street_raid. The Goines incident did not involve any planted evidence but allegedly false information provided in a no-knock search warrant application by a single officer – Gerald Goines. *Id.* Another officer was implicated and indicted for making false reports to cover for Goines. *Id.* No additional officers were involved. *Id.* *Plaintiff admits that* HPD reviewed over 14,000 investigations as a result. Doc. 1 at ¶20. Yet no wrongdoing by any other police officer was revealed.[15] Plaintiff's conclusory claim of widespread evidence planting are unsupported by these facts.

**The 1977 case involving pervasive use of throw down weapons to conceal police misconduct is too remote and dissimilar to support a City policy or practice in 2023.** Plaintiff relies on the use of a "throw down" gun by an officer as a cover up after the shooting of Randy Webster in 1977. *See Webster v. City of Houston*, 735 F.2d 838, 842 (5th Cir. 1984) (en banc). The pervasive use of such throw down guns among law enforcement at the time was neither condoned nor authorized by the City. *Id.* The Fifth Circuit en banc vacated the judgment against the City of Houston and remanded for a new trial under proper evidentiary and instructional standards concerning *Monell* liability. *Id.* The case was insufficient to establish municipal liability 46 years ago and is insufficient to do so now. Moreover, planting a gun to justify an officer's use of lethal force after the fact is wholly dissimilar from the alleged planting of blood and DNA evidence in the middle of an ongoing criminal prosecution.

**The 2000 Mahan incident did not involve any finding of planted evidence.** Plaintiff clams that in 2000, officers shot and killed an individual they claimed brandished a knife within an undercover police vehicle. Doc. 1 at ¶21. Plaintiff mistakenly claims the federal court order attached to his complaint

[15] https://en.wikipedia.org/wiki/Harding_Street_raid.

shows that officers planted a knife on the scene to support their claims and rolled down a window to bolster their fabrication. *Id.* The order states that a pocketknife was indeed found in the decedent's pocket. *Id.* A second, serrated knife was found outside the vehicle, on the shoulder of the road, however, the rear windows of the vehicle had been closed during the incident. *Mahan, et al v. City of Houston TX, et al*, S. D. Tex. No. 4:02-cv-01435, Dkt. # 85 at 17-19 (1/28/2004 Memorandum and Order). Blood was found on a knife, but the summary judgment evidence did not establish which knife. *Id.* at *17-19. The officer could not describe the knife brandished by the decedent as he only recalled seeing the blade. *Id.* Therefore, the court held genuine issues of material fact precluded summary judgment. *Id.* There was no jury trial or adjudication on the merits concluding that any evidence was either fabricated or planted.

Finally, any alleged policy or practice of the City could not have been the moving force behind the alleged actions of the Harris County District Attorney's office or a Montgomery County Sheriff's Office CSU officer Celestina Rossi in this case. *May v. City of Arlington, Texas*, 398 F. Supp. 3d 68, 79 (N.D. Tex. 2019) (citing and quoting *City of Canton v. Harris*, 489 U.S. 378, 388 (1989)).

## VII. <u>Punitive Damages are not available against the City.</u>

Plaintiff fails to allege any facts to support an award of punitive damages and the City is immune from any such claim. "[A] municipality is immune from punitive damages under 42 U.S.C. § 1983." *City of Newport* v. *Fact Concerts, Inc.,* 453 U.S. 247,271 (1981); *Thomas* v. *City of New Orleans,* 687 F.2d 80, 84 n.2 (1982) (affirming punitive damage award against individual defendants but acknowledging that no award of punitive damages could be awarded against the City of New Orleans itself). Accordingly, Plaintiff's claim for punitive damages must be dismissed with prejudice.

## <u>CONCLUSION AND PRAYER</u>

Defendant City of Houston respectfully prays that the honorable Court grant this Motion and dismiss the Plaintiff's claims with prejudice, and for all other relief to which the City may be entitled in

equity or under law.

Respectfully submitted,

**ARTURO G. MICHEL**
**City Attorney**

CHRISTY MARTIN
Section Chief Torts/Civil Rights

By: */s/ Melissa Azadeh*
MELISSA AZADEH
*Attorney in Charge*
Texas Bar No. 24064851
Senior Assistant City Attorney
City of Houston Legal Department
P.O. Box 368
Houston, Texas 77002-0368
Tel. (832) 393-6270
Fax (832) 393-6259
melissa.azadeh@houstontx.gov
**ATTORNEYS FOR DEFENDANT**
**CITY OF HOUSTON**

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of December 2023, a true and correct copy of the foregoing document, and any attachments, were delivered to all opposing counsel(s) by electronic filing of same in accordance with the District's ECF service rules, and alternatively via e-mail and/or facsimile transmission, to:

Randall L. Kallinen
attorneykallinen@aol.com

Alexander C. Johnson
alex@acj.legal

Kallinen Law, PLLC
511 Broadway Street
Houston, Texas 77012
AttorneyKallinen@aol.com

*/s/ Melissa Azadeh*
Melissa Azadeh

## CERTIFICATE OF CONFERENCE

I hereby certify that I initiated conference with opposing counsel by email on November 29, 2023, explaining the *Heck v. Humphrey* bar to Plaintiff's claims. I inquired whether Plaintiff would voluntarily dismiss his claims with prejudice to refiling until such time that the conditions of Heck were met. Plaintiff's counsel has not responded.

*/s/ Melissa Azadeh*
Melissa Azadeh